**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

KENNETH GENE ALLRED, SR.,            )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )        No. 1:26-CV-00084 HEA
                                     )
MADISON MEDICAL CENTER, et al.,      )
                                     )
    Defendants.                      )

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Kenneth Allred, Sr.'s Application to Proceed in District Court Without Prepayment of Fees and Costs. [ECF No. 2]. Also before the Court is Plaintiff's Motion for Appointment of Counsel. [ECF No. 3].

To obtain in forma pauperis status, Plaintiff, a prisoner, is required to provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2). After reviewing the account statement, the Court will then assess an initial partial filing fee. *See id.* § 1915(b)(1). With the commencement of this action, Plaintiff filed his Application, ECF No. 2, but he has not provided a copy of his prison account statement. Plaintiff will be given 21 days to provide the statement so that this case may proceed. His failure to do so will result in the dismissal of this case without prejudice.

After reviewing Plaintiff's Motion for Appointment of Counsel, the Court will deny it, without prejudice, at this time. [ECF No. 3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent

plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time, as the Court has not yet had the opportunity to assess Plaintiff's financial status, and it appears from the allegations in Plaintiff's Complaint that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that within 21 days of the date of this Order, Plaintiff must submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED without prejudice at this time.**

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 27th day of April, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE